444        APPELLATE COURTS OF ILLINOIS.

City of Chicago v. C. & Oak Park El. R. Co., 177 Ill. App. 444.

# City of Chicago, Appellant, v. Chicago & Oak Park Elevated Railroad Company, Appellee.

## Gen. No. 16,904.

1. MUNICIPAL CORPORATIONS—*license fees on elevated railway cars.* The ordinance passed by the City Council of Chicago on Oct. 1, 1894, authorizing the Chicago and Oak Park Elevated Railroad Company to construct an elevated road from Market street to Wabash avenue and requiring payment of a license fee of fifty dollars for each car "in regular use in lieu of all other licenses as regards the line hereby authorized," is not a blanket measure and by its terms negatives any intention to repeal any part of the ordinances passed Nov. 24, 1890, and May 15, 1893, authorizing the construction of elevated roads on various streets and providing for the payment of an annual license fee of fifty dollars on "each car used by said company in transporting passengers for hire."

2. MUNICIPAL CORPORATIONS—*construction of ordinances.* Where an ordinance grants a right, "subject to the provisions hereinafter contained," the provisions following such grant are to be construed as being applicable alone to the specific grant made, unless amplified by express language or necessary intendment.

3. ORDINANCES—*construction of.* Where two enactments are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication

4. STATUTES—*ordinances.* The repeal of a statute or ordinance by implication is not favored in law, and the earlier enactment continues in force unless clearly inconsistent with and repugnant to a later enactment, or unless in the later enactment some express notice is taken of the former, plainly indicating an intention to repeal it.

5. MUNICIPAL CORPORATIONS—*when not estopped from collecting license fees.* Where an elevated railway company has for several years paid license fees under one ordinance, which have been accepted and receipted for by city officials, the failure or neglect, wilful or otherwise, of such officials to demand and collect from the company license fees as due and payable under the provisions of other existing ordinances, does not estop the city from recovery when not barred by a plea of the statute of limitations.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded with

directions.   Opinion filed February 19, 1913.   Rehearing denied, and opinion modified March 8, 1913.

EDWARD J. BRUNDAGE, for appellant; CHARLES M. HAFT, of counsel. WILLIAM H. SEXTON, on reply brief.

JAMES J. BARBOUR, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a decree of the Circuit Court, dismissing, for want of equity, the amended and supplemental bill filed by the City of Chicago against the Chicago & Oak Park Elevated Railroad Company.

The bill alleges, in substance, that on November 24, 1890, the city council of appellant passed two certain ordinances designated respectively as "Exhibit A" and "Exhibit B." The sections of the ordinance "Exhibit A," here particularly involved, are sections 1 and 21, as follows:

"Section 1.   That subject to the conditions, provisions, and limitations hereinafter set forth, permission and authority be and the same are hereby given to the Lake Street Elevated Railway Company, its successors and assigns, to build, construct, operate and maintain an elevated structure and place thereon a double track, on Lake street commencing at the east line of Crawford avenue and extending west to the city limits and commencing at the west line of Canal street and extending east to the east line of Market street."

Section 21 provides that the company shall pay to the City of Chicago on the 1st day of May in each year, Fifty Dollars for each and every *car used by said company in transporting passengers for hire,* and that at the time of said payment said company shall file with the city collector an affidavit, subscribed and sworn to by its president or other officer of said company, stating the number of cars so used by said company, and upon such payment being made the city clerk shall issue a license to said company for each of its cars

446     APPELLATE COURTS OF ILLINOIS.

City of Chicago v. C. & Oak Park El. R. Co., 177 Ill. App. 444.

so used, which license shall be issued as other licenses are issued, and each license shall contain the number of the car for which the same is paid, and which license shall be posted by said company in some conspicuous place inside of the car so licensed, and shall correspond in number to that of the car; provided, however, that such cars shall not already be liable for the payment of a license fee by virtue of any other ordinance granted to said company, its successors or assigns.

The ordinance "Exhibit B" provides for the construction of a railroad from the west line of Canal street to Crawford avenue, and section 18 of said ordinance contains the same provisions as to car license fees as are contained in section 21 of the ordinance "Exhibit A," except the last proviso therein.

The bill further alleges the passage by said city council on December 19, 1892, of an ordinance designated as "Exhibit C," which approves a transfer from the Lake Street Elevated Railway Company to the Lake Street Elevated Railroad Company of the rights under said prior ordinances.

The bill further alleges the passage by said city council on May 15, 1893, of an ordinance designated as "Exhibit D," which authorizes the Lake Street Elevated Railroad Company to construct an elevated railroad, first, from Lake street to a point on Fullerton avenue between Sheffield and Larrabee streets; second, beginning at the main line of the elevated railroad at Market and Lake streets, extending to the south line of Madison street; third, a line of road connecting at the west line of Canal street extending north; fourth, beginning at the main line on Lake street within 750 feet of Halsted street and running in a southerly direction to the city limits; fifth, commencing at a point on the main line on Lake street between Hamlin avenue and 41st street on the west and extending in a southerly direction to the south line of Madison street;

sixth, commencing at a point on the main line on Lake street, between Rockwell street on the east and California avenue on the west, and extending northerly to Diversey street, thence to the city limits. Section 12 of this ordinance contains the same provisions regarding car license fees as are contained in section 18 of the ordinance "Exhibit B."

The bill further alleges the acceptance by the Lake Street Elevated Railroad Company of said ordinances and that appellee thereafter constructed an elevated railroad on Lake street from Canal street west to the city limits and from Canal street east to Wabash avenue and has since maintained and operated thereon cars for hire; that said ordinances provide that appellee should pay to appellant an annual license fee of $50 for each and every car used by it in transporting passengers for hire, and that at the time of said payments it should file with the city collector an affidavit subscribed and sworn to by its president or other officer stating the number of cars so used and that upon such payment being made a license should be issued, etc.; that appellee, though often requested, has refused and failed to file with the city collector the affidavits required as aforesaid; that appellee has not paid to appellant the sum of $50 for each and every car used by it in transporting passengers for hire; that appellee paid to appellant annual car license fees as follows: in 1894, $4,000; in 1895, $3,200; in 1896 and 1897, $6,400; in 1898, $3,700; in 1899, $3,900; in 1900, $3,900; in 1901, $4,500; in 1902, $4,800; in 1904, $4,800; in 1905, $4,800; that appellee has become liable to file affidavits as by the terms of the said ordinances provided, and to pay car license fees, but though often requested, has failed and refused to file said affidavits; that appellee has not paid to appellant the sum of $50 for each and every car used by it in transporting passengers for hire, as provided by said ordinances, for the years

448    APPELLATE COURTS OF ILLINOIS.

City of Chicago v. C. & Oak Park El. R. Co., 177 Ill. App. 444.

1906, 1907 and 1908; that in each of the years 1906, 1907 and 1908 appellee paid to appellant as annual car license fees for cars used by appellee in transporting passengers for hire, $4,800; that during said years appellee should have paid to appellant for annual car license fees a sum largely in excess of the said amounts; that during each of said years appellee used in transporting passengers for hire large numbers of cars for which it did not pay car license fees, as by the terms of said ordinances provided; that the exact number of cars used by appellee during each of said years is unknown to appellant, and that the said appellee, its officers and agents are the only persons having full knowledge thereof; that appellant is not able to state the full amount which is due to it on account of said car license fees, and has no means of ascertaining the same except from appellee, its officers and agents, and that appellee, its officers and agents falsely claim and pretend that there is not any sum due to appellant on account of car license fees.  The bill prays that appellee may be required to answer the bill of complaint, and may be required to pay to appellant the sum of money that may be found due to it, and may especially answer and set forth: (a) How many cars were used by the Chicago & Oak Park Elevated Railroad Company, formerly known as the Lake Street Elevated Railroad Company, in transporting passengers for hire in the years 1904, 1905, 1906, 1907 and 1908; (b) the number of each car used by said company since its organization in transporting passengers for hire and the date upon which it took possession of said cars; (c) which of said cars has been used for the purpose of transporting passengers for hire in each of the years aforesaid.

The answer filed by appellee admits the passage of the ordinances of November 24, 1890, December 19, 1892, and May 15, 1893, as alleged, and the acceptance of said ordinances; admits that it thereafter constructed an elevated railroad from Canal street to the

city limits, and from Canal street to Market street and on Market street from Lake street to Madison street, and on East Lake street from Market street to Wabash avenue; but denies that said road on East Lake street from Market street to Wabash avenue was constructed under and by virtue of any of said ordinances. Alleges the passage by the city council, on October 1, 1894, of an ordinance granting authority to appellee to construct an elevated railroad connecting at the east line of Market street extended north with the line of road then constructed and operated by appellee on Lake street and extending thence east upon Lake street to the east line of Wabash avenue, and the acceptance of said ordinance by appellee.

The sections of said ordinance of October 1, 1894, requiring particular notice, are sections 4, 12 and 16.

Section 4 provides that "all trains operated by said company over its line of road passing over the Lake street bridge eastwardly, shall at least alternately continue eastwardly over the line of road *hereby* authorized, and in case said company shall hereafter obtain the right to build or use a loop line for running its trains, then all trains proceeding eastwardly over Lake street bridge shall continue to proceed eastwardly over the elevated railroad *hereby* authorized, and no trains of said company shall move westwardly over the railroad hereby authorized, between Wabash avenue and Market street, except such trains as have first proceeded eastwardly over the elevated railroad hereby authorized."

Section 12 is as follows:

"On the 1st of May, 1895, and on the 1st of May of each year thereafter, said company shall file with the City Collector, or other proper officer whose duty it is to collect license fees, an affidavit stating the number of *cars in regular use by said company,* and thereupon said company shall pay an annual license fee of $50.00 in advance for each and every car in regular use by it in transporting passengers for hire. Upon said pay-

450     APPELLATE COURTS OF ILLINOIS.

City of Chicago v. C. & Oak Park El. R. Co., 177 Ill. App. 444.

ment being made the City Clerk shall issue a license to said company for each of its cars so used. The payment of which said license fee shall be in lieu of all other licenses to be imposed as regards the line of road *hereby authorized* by the City of Chicago."

Section 16 is as follows:

"The line of road heretofore authorized to be built by said company under the ordinance passed December 19, 1892, and under the ordinances of November 24, 1890, being the line of road from Market street to 52nd street, upon Lake street, be and the same is hereby approved in compliance with said ordinances, and that the time for said company to complete the building and construction of the remaining portion of its line of road as heretofore authorized by the two ordinances of November 24, 1890, and the ordinance passed December 19, 1892, be and the same is hereby extended to July 1, 1897, *and the other provisions of said ordinances are hereby re-enacted and extended.*"

The answer further alleges the acceptance of said ordinance by appellee; a compliance by appellee on May 1, 1894, with the requirements of the provisions relating to car license fees contained in the ordinances enacted prior to October 1, 1894, and a compliance by it on May 1st of each year thereafter with the provisions relating to car license fees contained in the said ordinance of October 1, 1894; that the several sums of money paid by appellee to appellant as license fees for cars in regular use, as provided in the ordinance of October 1, 1894, were paid and tendered by appellee to appellant in full satisfaction and discharge of all moneys due for car license fees under the terms of the said various ordinances under which appellee then operated and now operates its railroad; that appellant has never from the time of the passage of the ordinance of October 1, 1894, until shortly before the filing of its bill, claimed that appellee should pay any license fees on its cars except on such as were in regular use in transporting passengers, and appellee has never since said time paid any license fees on cars ex-

cept on such as were in regular use; that appellant cannot in any event recover from appellee any sum for additional car license fees for any year prior to the year beginning May 1, 1896, for the reason that the alleged cause of action therefor did not accrue to appellant at any time within ten years prior to the filing of the bill of complaint herein, and that by reason of the laches of appellant in prosecuting its alleged cause of action it should be denied any relief whatever.

After replication filed to said answer the cause was referred to a master to take the proofs and report the same, together with his conclusions of fact.

It was admitted upon the hearing that on May 1st of each of the years following, appellee owned and operated the number of cars for each of said years as follows:

| | |
|---|---|
| 1895 | 125 cars |
| 1896 | 125 cars |
| 1897 | 124 cars |
| 1898 | 124 cars |
| 1899 | 124 cars |
| 1900 | 124 cars |
| 1901 | 139 cars |
| 1902 | 139 cars |
| 1903 | 167 cars |
| 1904 | 166 cars |
| 1905 | 166 cars |
| 1906 | 166 cars |
| 1907 | 166 cars |
| 1908 | 166 cars |

It was also then admitted that on or about the 1st of May of said years, appellee filed with the City Collector of the City of Chicago an affidavit stating the number of cars of appellee in regular use in transporting passengers, on the 1st of May of each of said years, as follows:

| | | |
|---|---|---|
| May 1st, | 1895, | 64 cars |
| May 1st, | 1896, | 64 cars |
| May 1st, | 1897, | 64 cars |
| May 1st, | 1898, | 74 cars |

452    Appellate Courts of Illinois.

City of Chicago v. C. & Oak Park El. R. Co., 177 Ill. App. 444.

May 1st, 1899, 78 cars
May 1st, 1900, 78 cars
May 1st, 1901, 90 cars
May 1st, 1902, 90 cars
May 1st, 1903, 96 cars
May 1st, 1904, 96 cars
May 1st, 1905, 96 cars
May 1st, 1906, 96 cars
May 1st, 1907, 96 cars
May 1st, 1908, 96 cars

It was also then admitted that, at the time of the filing of said affidavits, appellee paid to appellant for car license fees $50 for each car therein stated to be in regular use.

The decree dismissing the bill for want of equity is predicated upon the finding of the chancellor that section 12 of the ordinance enacted October 1, 1894, is inconsistent with the provisions covering the payment of car license fees contained in the ordinances enacted November 24, 1890, December 19, 1892, and May 15, 1893, and that the same completely revised the subject matter of the payment of car license fees for cars operated by appellee over its railroad, and was intended by appellant and appellee to operate as a rescission and annulment of the provisions with reference to car license fees contained in said ordinances enacted prior to October, 1894, and as a substitute therefor; that none of the provisions of said ordinances enacted prior to October 1, 1894, with reference to the payment of car license fees, have been in force or effect since the acceptance of said ordinance of October 1, 1894, and that the only ordinance provisions now existing or that have existed since October 1, 1894, with reference to the payment of car license fees are those set forth in section 12 of the ordinance enacted October 1, 1894.

It is well settled that the repeal of a statute or ordinance by implication is not favored in law; that the earlier enactment continues in force, unless it is clearly inconsistent with and repugnant to a later enactment

or. unless in the later enactment some express notice is taken of the former plainly indicating an intention to repeal it; that where two enactments are seemingly repugnant, they should, if possible, be so construed that the latter may not operate as a repeal of the former by implication.  People v. Raymond, 186 Ill. 407; Galpin v. City of Chicago, 249 Ill. 554.

An examination of the various provisions of the ordinance of October 1, 1894, discloses that the primary purpose of the city council in enacting said ordinance was to grant to the Lake Street Elevated Railroad Company the right to construct and operate a line of railroad on Lake street from the east line of Market street to the east line of Wabash avenue.  The first section of said ordinance expressly grants such right "subject however to the provisions hereinafter contained."  The provisions following such grant should, therefore, be construed as being applicable alone to the specific grant made, unless amplified by express language or necessary intendment.  That the ordinance of October 1, 1894, was not intended to be operative as a blanket measure is evident from the frequent reference therein to the line of road "hereby authorized," in contradistinction to the line or lines of road "heretofore authorized."

· The ordinances of November 24, 1890, and the ordinance of May 15, 1893, contain provisions requiring the payment by appellee of an annual car license fee of $50 for each and every car used in transporting passengers for hire, while the ordinance of October 1, 1894, contains a provision requiring the payment by appellee of an annual car license fee of $50 in advance for each and every car in regular use by it in transporting passengers for hire, and further provides that the payment of such license fee shall be in lieu of all other licenses to be imposed as regards the line of road "hereby authorized."  The only line of road "hereby authorized" was the line of road from Market street to Wabash avenue, and the language used expressly

negatives an intention to make the car license fee provided for in the ordinance of October 1, 1894, applicable to any line of road other than the one thereby authorized. If the car license fee provisions contained in the ordinances of November 24, 1890, and May 15, 1893, were intended to be superseded by the ordinance of October 1, 1894, the last proviso above referred to was clearly contradictory of such intention. That a repeal of the license fee provisions contained in the prior ordinances of November 24, 1890, and May 15, 1893, was intended is further negatived by the fact that section 16 of the ordinance of October 1, 1894, expressly re-enacts all of the provisions of said prior ordinances, except the provisions relating to the time for completing the road, which was thereby extended to July 1, 1897. While the proof shows that appellee was operating an elevated railroad from West 52nd street, along Lake street, eastwardly across the Chicago river to Market street and south on Market street to Madison street, when the ordinance of October 1, 1894, was enacted, it is manifest from a reference to the provision in section 16 of said ordinance, extending the time for the completion of the remaining portion of the line of road, authorized by the ordinances of November 24, 1890, to July 1, 1897, that the entire line of road theretofore authorized was either not then completed, or that appellant erroneously assumed it was not then completed; otherwise the provision extending the time for its completion was meaningless. The physical situation involved is not difficult of comprehension, and the fact that the ordinance of October 1, 1894, applies only to a line of road 2,257 feet in length, from Market street to Wabash avenue, is of no significance, when it appears that it is the only line of road authorized by the ordinance. There was no physical impediment to the operation by appellee of the said line of road as a branch or spur line, and if appellee so operated the same until compelled by the provisions of said ordinance to operate said line of

road as a continuous line in conjunction with the lines of road theretofore authorized, the license fee provision of said ordinance was available to appellant to enable it to collect a license fee for each car regularly used by appellee in transporting passengers for hire on such branch or spur line.

Counsel for appellee directs our attention to certain provisions of section 4 of the ordinance of October 1, 1894, as indicative of a clear intention on the part of the city council to thereby control the operation of the road as a whole, rather than of the particular line thereby authorized from Market street to Wabash avenue. We perceive nothing in this section, the provisions of which are heretofore set forth, that has any controlling influence in the determination of the question here involved. Indeed, the provisions of that section rather tend to accentuate the separateness of the line of road from Market street to Wabash avenue from the other lines of road constructed and operated under prior ordinances. The first provision of said section merely requires that all trains passing over the Lake street bridge eastwardly shall at least alternately continue eastwardly on the line of road from Market street to Wabash avenue. This provision does not operate to compel appellee to run trains over the Lake street bridge eastwardly, but merely recognizes the right of appellee so to do, and requires at least each alternate train so passing over said bridge to continue eastwardly over the particular line authorized by the ordinance.

The second provision in the section relates to conditions not existing at the time the ordinance was enacted. In the absence of a provision in the ordinance of October 1, 1894, requiring the payment of car license fees on cars operated exclusively upon the line of road thereby authorized, it is doubtful whether any liability existed against appellee under any ordinance then in force to pay such license fees, and such provision in the ordinance of October 1, 1894, is prop-

erly referable to such situation as it then existed. The third and fourth provisions of said section 4 also relate to conditions not then existing.

We are clearly of the opinion that a repeal by implication of the provisions relating to the payment of car license fees contained in the ordinances of November 24, 1890, December 19, 1892, and May 15, 1893, was not effected by section 12 of the ordinance of October 1, 1894.

In view of the conclusion arrived at by the chancellor that section 12 of the ordinance of October 1, 1894, operated as a repeal by implication of the provisions relating to car license fees contained in the prior ordinances, the further contentions of appellee, which it is insisted bar appellant from obtaining the relief sought by the bill, were not considered and determined.

It is insisted by appellee that the provisions relating to the payment of car license fees contained in the several ordinances are to be treated as contracts, entered into by appellant in its proprietary capacity, and not in its governmental capacity; that the conduct of appellant in accepting car license fees from appellee upon cars in regular use by it, as provided in section 12 of the ordinance of October 1, 1894, constituted a practical construction by appellant of the provisions of said ordinance in accordance with the contention of appellee that such provisions superseded the provisions relating to car license fees contained in the prior ordinances; that the acceptance by appellant of, and the receipts given by it to appellee for, an annual car license fee of $50 for each and every car in regular use by appellee in transporting passengers for hire, as provided in the ordinance of October 1, 1894, operated to discharge appellee from any liability to pay an annual car license fee of $50 for each and every car used by it in transporting passengers for hire, as provided in the prior ordinances.

For the sake of the argument it may be conceded

that the provisions relating to car license fees contained in the several ordinances are to be regarded as contracts entered into by appellant in its proprietary capacity and not in its governmental capacity affecting the rights of the public.

The rule of practical construction may only be properly resorted to where the contract involved is ambiguous and uncertain, and as the provisions of the ordinances here involved are neither ambiguous nor uncertain, such rule is not applicable.

Section 2142 of the Municipal Code provides that the city collector shall receipt for any licenses that may be granted by the city and that his receipt shall be a discharge to the person to whom given to the extent and purport thereof.

The record discloses that on or about May 1, 1895, and on or about the first day of May of each year thereafter, appellee filed with the city collector an affidavit purporting to state the number of cars in regular use by it in transporting passengers for hire, and that appellee also then prepared a statement of account or bill stating the amount of its indebtedness to appellant for the ensuing year for licenses on the number of cars stated in said affidavit, and upon the payment by appellee of said amount the city collector receipted for the same as in full settlement of the amount, or as annual license for the number of cars stated. There is a slight variation in the phraseology employed in the several statements of account and receipts, but they are all properly referable to the liability imposed upon appellee by the ordinance of October 1, 1894, to pay a license fee of $50 for each and every car regularly used by it in transporting passengers for hire. We are unable to perceive upon what substantial ground receipts given to appellee for the payment of license fees payable under the provisions of the ordinance of October 1, 1894, can be extended or enlarged so as to cover license fees payable under the provisions of the prior existing ordinances, and operate to discharge

appellee from its obligation to pay license fees payable under the provisions of such other prior existing ordinances. The failure or neglect, whether wilful or otherwise, of the city officials to demand and collect from appellee the license fees due and payable under the provisions of other existing ordinances can only operate here to prevent a recovery of such license fees beyond the period when such recovery is barred by the statute of limitations, when pleaded, as it was in the case at bar.

The original bill of complaint herein was filed February 26, 1906, and the right of appellant to recover annual license fees accruing prior to May 1, 1896, is tolled by the statute of limitations. It is admitted of record that on the 1st of May of each of the following years appellee owned and operated the following number of cars during each of said years, and that appellee paid license fees in each of said years upon the following number of cars, and that for each of said years appellee failed to pay license fees upon the number of cars, as follows:

| Year. | No. of cars owned and operated by appellee. | No. of cars upon which appellee paid license fees. | No. of cars upon which appellee failed to pay license fees. |
|---|---|---|---|
| 1896 | 125 | 64 | 61 |
| 1897 | 124 | 64 | 60 |
| 1898 | 124 | 64 | 60 |
| 1899 | 124 | 74 | 50 |
| 1900 | 124 | 78 | 46 |
| 1901 | 139 | 78 | 61 |
| 1902 | 139 | 90 | 49 |
| 1903 | 167 | 90 | 77 |
| 1904 | 166 | 96 | 70 |
| 1905 | 166 | 96 | 70 |
| 1906 | 166 | 96 | 70 |
| 1907 | 166 | 96 | 70 |
| 1908 | 166 | 96 | 70 |

Other reasons might be assigned in support of our conclusion that the payment by appellee of license fees, as above stated, and the acceptance thereof and receipts given therefor by appellant, do not operate to estop appellant from demanding and recovering the license fees here involved, or to discharge appellee from the payment of such license fees, but we do not deem it necessary to extend this opinion by a discussion of such reasons.

The decree of the Circuit Court is reversed with directions to enter a decree finding that appellee is indebted to appellant for annual car license fees at the rate of $50 for each and every car used by appellee in transporting passengers for hire for the several years and for the number of cars as follows:

For 1896, 61 cars; for 1897, 60 cars; for 1898, 60 cars; for 1899, 50 cars; for 1900, 46 cars; for 1901, 61 cars; for 1902, 49 cars; for 1903, 77 cars; for 1904, 70 cars; for 1905, 70 cars; for 1906, 70 cars; for 1907, 70 cars; for 1908, 70 cars.

It is further ordered that in and by said decree appellee be directed to pay to appellant, within ninety days from the entry of said decree, the sum of $40,700, as and for annual car license fees so found to be due to appellant as aforesaid.

*Decree reversed and cause remanded with directions.*